Fleming, J.
The first objection stated by the counsel is, that ten days previous notice of the motion for the writ of ad quod damnum does hot appear to have been given to the appellant,, All laws which interfere with private lights, and which authorise a mode of proceeding unknown to the common law, ought to be strictly complied with.
If the record stated that the appellant was present and made defence, the objection might be gotten over. But as this does not appear to have been the case, I am of opinion, that the first objection made to the order is sustainable. It will be unnecessary to give any opinion as to the other objections, if the Court should agree with me in opinion upon this point.
Lyons, l. — I have always been of opinion, that the greatest strictness Is required in proceedings, not warranted by the regular forms and principles of the common law. That in such cases, an exception from the rule, that what is done in a Court of record, shall be presumed to be rightly done,’* is proper. On the contrary, nothing is to be presumed, and it should plainly appear that the proceedings were regularly conducted. These, I say, have been the sentiments which I have always entertained upon this subject. But I have been over-ruled by the decisions of this Court, where a different principle has obtained; and *102 therefore, submitting to the authority of those decisions, I have been led to consider how far the principles which they establish, will apply to the first point made in this cause.
It was argued by the counsel for the appellee, that the notice of the motion for a writ of ad quod damnum was not important, as it stood connected with the substantial justice of the case, since the granting of the writ could not have been contested by the appellant; and that the record shews, that the appellant after-wards appeared, and defended the motion. If I could discover that |he appellant contested the merits of the subject in dispute, I should, upon the authority of former decisions in this Court, (which in this respect, admit no difference between cases of this sort, and those carried on in the forms of the common law,) consider it as a w'aver of all objections to the forms of proceeding, and of course, that the failure to give notice of the motion for the writ, could not afterwards be alleged by him as a cause for reversing the order. This Court has decided, that after an appearance and defence made upon the merits of the case, the unsuccessful party shall not be permitted to object to any part of the proceedings, of which in an earlier stage of the cause, and before the trial upon the merits, he might have availed himself; as in the case where no issue has been made up. But in this case, it does not appear that the appellant contested the motion of the appellee upon the merits, but only the writ and inquisition. This is what he now contests ; what he then had a right to contest, separate from the merits. And therefore nothing can thereby be presumed to be waved.
I do not think that there is any weight in the last objection. The conduct of the Sheriff in returning, or in not returning the writ and inquisition to the proper Court, ought not to affect the parties. If there had been negative words in the law, making the inquisition void unless returned by a particular time, the direction must have been strictly pursued ; but this not being the case, it was merely directory to him.
*103 Í am also of opinion, that the Court had no right to award costs in this case, and that in this respect there is error.
The President. — -I agree in opinion with the other Judges who have gone before me, that if we could be satisfied from the record, that the appellant appeared, and contested the motion upon the merits of the case, he could not afterwards avail himself of the want of notice in the first instance, to defeat the order. A defence made upon the merits would, I think, have amounted to a waver of all objections to the form of proceeding. But the appearance after the inquisition was returned, and contesting merely the writ and inquisition, does not cure the error which the want of notice of the motion in the first instance bad occasioned.
Judgment and order reversed.